Floyd W. Bybee, #012651
**FLOYD W. BYBEE, PLLC**
2473 S. Higley Road
Suite 104, #308
Gilbert, Arizona 85297
Office:  (480) 756-8822
Fax: (480) 756-8882
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Lisa J. Schoop,** an individual;<br><br>        Plaintiff,<br><br>v.<br><br>**Palisades Collection, LLC,** a New Jersey limited liability company;<br><br>        Defendant. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

Plaintiff alleges as follows:

### I.   PRELIMINARY STATEMENT

1.   Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* (hereinafter "FDCPA").  In the course of attempting to collect a debt allegedly owed by Plaintiff, Defendant engaged in deceptive, unfair and/or abusive debt collection practices in violation of the FDCPA.  Plaintiff seeks

1    to recover her actual damages, and statutory damages, as

2    well as reasonable attorney's fees and costs.

3    **II.   STATUTORY STRUCTURE OF FDCPA.**

4  2.  Congress passed the FDCPA to eliminate abusive debt

5    collection practices by debt collectors, to insure that

6    those debt collectors who refrain from using abusive

7    debt collection practices are not competitively

8    disadvantaged, and to promote consistent state action to

9    protect consumers against debt collection abuses. FDCPA

10    § 1692.

11  3.  The FDCPA is designed to protect consumers who have been

12    victimized by unscrupulous debt collectors regardless of

13    whether a valid debt exists.  Baker v. G.C. Services

14    Corp., 677 F.2d 775, 777 (9th Cir. 1982).

15  4.  The FDCPA defines a "consumer" as any natural person

16    obligated or allegedly obligated to pay any debt.  FDCPA

17    § 1692a(3).

18  5.  The FDCPA defines "debt" as any obligation or alleged

19    obligation of a consumer to pay money arising out of a

20    transaction in which the money, property, insurance, or

21    services which are the subject or the transaction are

22    primarily for personal, family, or household purposes.

23    FDCPA § 1692a(5).

24  6.  The FDCPA defines "debt collector' as  any person who

25    uses any instrumentality of interstate commerce or the

26    mails in any business the principal purpose of which is

the collection  of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. FDCPA § 1692a(6).

7.  Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney's fees as determined by the Court and costs of the action. FDCPA § 1692k.

## III.  JURISDICTION

8.  Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. §1692k(d) (FDCPA), and 28 U.S.C. §1337. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

## IV.  PARTIES

9.  Plaintiff is a resident of Maricopa County, Arizona.

10.  Plaintiff is allegedly obligated to pay a consumer debt and is a "consumer" as defined by FDCPA §1692a(3).

11.  Defendant Palisades Collection, LLC (hereinafter "Palisades") is a limited liability company domiciled in the State of New Jersey.

12.  Palisades is licensed as a collection agency by the Arizona Department of Financial Institutions, license number 0907542.

13.   Palisades regularly collects or attempts to collect debts owed or asserted to be owed or due another, or debts which it has purchased after default, and is a "debt collector" as defined by FDCPA §1692a(6).

## V.   FACTUAL ALLEGATIONS

14.   In or about 1992, Plaintiff opened a credit card account with First Card which was used for personal, family, and/or household purposes.

15.   Plaintiff subsequently defaulted on the First Card account in or about 1996.

16.   Upon information and belief, First Card sold Plaintiff's account to Palisades.

17.   At the time First Card sold the account to Palisades, the account was in default.

18.   On or about December 15, 2006, Palisades filed suit against Plaintiff in the Encanto Justice Court alleging that she owed a debt to Palisades in the amount of $6,404.61 plus accruing interest, plus attorney's fees of $1,409.01.

19.   Palisades served the Summons and Complaint on Plaintiff.

20.   When Plaintiff received the Summons and Complaint she was very upset and angry.

21.   Plaintiff was required to hire legal counsel to defend her in the Justice Court action.

22.   At the time Palisades filed the Justice Court action against Plaintiff, the alleged debt had been in default

for no less than six years, and was beyond the applicable Arizona statute of limitations.

23. Upon information and belief, Palisades knew or should have known that the debt was stale and beyond the applicable Arizona statute of limitations.

24. As a result of Defendant's actions, Plaintiff has suffered actual damages as defined under the FDCPA, including, but not limited to, legal expenses incurred in defending the Justice Court action, anger, loss of sleep, depression, humiliation, embarrassment, and other emotional distress.

25. Defendant's actions were intentional, willful, and in gross or reckless disregard of Plaintiff's rights and part of its persistent and routine practice of debt collection.

26. In the alternative, Defendant's actions were negligent.

## VI.   CAUSES OF ACTION

### a.   Fair Debt Collection Practices Act

27. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs.

28. Defendant's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692d, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), and 1692f.

29. As a direct result and proximate cause of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages for which Defendant is liable.

## VII.   DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

a)   Statutory damages of $1,000 against defendant pursuant to §1692k;

b)   Actual damages in an amount to be determined by trial;

c)   Costs and reasonable attorney's fees pursuant to §1692k; and

d)   Such other relief as may be just and proper.


DATED __April 18, 2007__ .

**FLOYD W. BYBEE, PLLC**


 s/ Floyd W. Bybee
Floyd W. Bybee, #012651
2473 S. Higley Road
Suite 104, #308
Gilbert, Arizona 85297
Office: (480) 756-8822
Fax: (480) 756-8882
floyd@bybeelaw.com

Attorney for Plaintiff